WARD L. BENSHOOF (State Bar No. 054987)
ANDREA S. WARREN (State Bar No. 287781)
**ALSTON & BIRD LLP**
333 South Hope Street, 16th Floor
Los Angeles, CA 90071-1410
Telephone: (213) 576-1000
Facsimile: (213) 576-1100
Emails:  ward.benshoof@alston.com
         andrea.warren@alston.com

Attorneys for Plaintiff
INGRID CASTILLO

FILED
2013 JAN 23  PM 4:12
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY_____

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INGRID CASTILLO,<br><br>Plaintiff,<br><br>vs.<br><br>CACH, LLC; NELSON & KENNARD; GYTANA CASTRO; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. CV13-00504-MRW<br><br>**PLAINTIFF'S COMPLAINT FOR:**<br><br>**1. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. SECTION 1692 *ET SEQ.*,**<br><br>**2. VIOLATIONS OF THE ROSENTHAL ACT, CAL. CIV. CODE SECTION 1788 *ET SEQ.*,**<br><br>**3. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, AND**<br><br>**4. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Ingrid Castillo alleges as follows:

## INTRODUCTION

1. Plaintiff Ingrid Castillo ("Castillo") brings this Complaint to remedy multiple violations by Defendants under the Federal Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. section 1692 *et seq.*, the Rosenthal Fair Debt Collection Practices Act (the "Rosenthal Act"), Cal. Civ. Code section 1788 *et seq.*, as well as to seek redress for Defendants' wrongful infliction of emotional distress.

2. This Complaint arises from Defendants' unconscionable actions undertaken to collect a debt allegedly owed by Castillo, including incessant phone calls, letters, intimidation, and unwarranted threats from Defendants that harassed and mislead Castillo as she made conscientious efforts, under duress, to pay a balance allegedly due on a loan she had co-signed for a friend – a loan from which Castillo herself never received any of the benefits.

3. In 2008, not understanding the significance of her actions, Castillo co-signed a loan for a friend, Rita Gutierrez ("Gutierrez"), who wished to borrow money from Wells Fargo Bank ("Wells Fargo"). According to Defendants, Wells Fargo thereafter sold the value of the loan to Cach, LLC ("Cach"). Cach then subsequently hired as its agent Nelson & Kennard to collect the alleged remaining balance of the loan on Cach's behalf. Gutierrez, the original obligor and the sole beneficiary of the loan proceeds left California. Castillo thus became Defendants' collection target.

4. From October 2010, and continuing to August 2012, Gytana Castro ("Castro"), an employee of Nelson & Kennard, and other employees of Nelson & Kennard called Castillo and wrote letters, frequently using language to intimidate and upset Castillo, threatening to take away a car registered solely in the name of a third party friend (whom she ultimately married), as well as the house that they

1

were living in, if she did not pay the alleged balance remaining on the loan.

5. Despite frequent requests from Castillo for an explanation from Nelson & Kennard concerning the remaining value owed on the loan, Nelson & Kennard never offered Castillo a full accounting statement of the loan or offered any explanation to ease her confusion.

6. Terrified of causing the loss of her friend's car and their house, Castillo made periodic payments towards the value of the loan over a period of sixteen months until she could no longer bear the stress of interacting with and sending money to Nelson & Kennard without understanding fully how the remaining balance of the loan decreased.

7. As a direct result of actions by Cach, its agents Nelson & Kennard, and Castro (collectively, "Defendants") occurring within the last two years, Castillo suffered severe emotional distress. Castillo fell into a state of depression, contemplating suicide and visiting a doctor and an emergency room in attempts to cope with her anxiety stemming from her interaction with Defendants, a trauma which remains with her today.

8. To stop the abusive tactics used by Defendants and to compensate for her injuries, Castillo brings this action to recover actual and exemplary damages, as well as reasonable attorney's fees incurred to bring this action. Unless the requested relief is granted, Defendants will continue to impose great harm on Castillo, who seeks only to close this chapter of distress in her life.

## THE PARTIES

9. Castillo is a natural person residing in the County of Los Angeles. Castillo is allegedly obligated to pay a debt and is a "consumer" within the meaning of the FDCPA section 803. 15 U.S.C. § 1692a(3). Castillo is also a "person" and "debtor" within the meaning of the Rosenthal Act section 1788.2. Cal. Civ. Code § 1788.2(g)-(h). According to Defendants, Castillo allegedly owes

2

a "consumer debt" within the meaning of the Rosenthal Act. Cal. Civ. Code. § 1788.2(f).

10. Castillo is informed and believes and on that basis alleges that Cach, LLC is a limited liability corporation with its principal place of business in Colorado. Cach conducts business throughout the State of California, including the County of Los Angeles, engaging agents in California to utilize the instrumentalities of interstate commerce, including the U.S. Mail, to collect debts and file judicial actions in California courts to collect consumer debts allegedly owed. As the principal owning the consumer debt allegedly owed by Castillo from the initial loan by Wells Fargo Bank, Cach is a "debt collector" within the meaning of both the FDCPA section 803, 15 U.S.C. § 1692a(6), as well as the Rosenthal Act, Cal. Civ. Code § 1788.2(c).

11. Castillo is informed and believes and on that basis alleges that Nelson & Kennard is a California law firm partnership acting as Cach's agent, with its principal place of business in Sacramento, California. Nelson & Kennard describes itself as a firm that is a "debt collector" and uses instrumentalities of interstate commerce, including the U.S. Mail, to conduct its principal purpose of business to collect debts. Nelson & Kennard is a "debt collector" within the meaning of both the FDCPA section 803, 15 U.S.C. § 1692a(6), as well as the Rosenthal Act, Cal. Civ. Code § 1788.2(c).

12. Castillo is informed and believes and on that basis alleges that Gytana Castro is a natural person and was an employee of Nelson & Kennard, and thus an agent of Cach, serving as an account representative at all times relevant to this complaint. Castro used instrumentalities of interstate commerce, including the U.S. Mail, in attempts to collect a debt and is a "debt collector" within the meaning of both the FDCPA section 803, 15 U.S.C. § 1692a(6), as well as the Rosenthal Act, Cal. Civ. Code § 1788.2(c).

3

## JURISDICTION AND VENUE

13. Castillo brings this complaint under the FDCPA, 15 U.S.C. § 1692 *et seq.*, the Rosenthal Act, Cal. Civ. Code § 1788 *et seq.*, and under the common law of the State of California.

14. This Court has subject matter jurisdiction, as this complaint raises a claim for relief founded substantially on federal law, the Federal Fair Debt Collection Practices Act, 15 U.S.C. section 1692 *et seq.* This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367 insofar as those claims arise out of the same transactions and occurrences as the federal claims.

15. Venue is proper in this Court because: (1) Plaintiff's claims arose and occurred within this judicial district, specifically Los Angeles County; (2) Plaintiff resides in this judicial district, specifically Los Angeles County, and (3) Defendants' wrongful acts took place through communications directed against Plaintiff in this judicial district, specifically Los Angeles County.

## GENERAL ALLEGATIONS

16. In or around 2008, Castillo co-signed a loan ("the loan") from Wells Fargo Bank for a friend, Gutierrez, under the mistaken understanding that she was serving only as a personal reference, not as a co-signer for the loan. The loan proceeds went entirely to Gutierrez.

17. Castillo is informed and believes and on that basis alleges that at some point between 2008 and 2010 Gutierrez, who was the principal obligor on the loan, and the sole beneficiary of the loan proceeds, left the state of California to reside in the state of Texas. Castillo thereafter became Defendant's collection target, based solely upon her capacity as a co-signor.

18. Based upon the assertions of Defendants, Castillo is informed and believes and on that basis alleges at some point between 2008 and 2010 the Wells

Fargo Bank sold the value remaining on the loan to Cach.

19. Castillo is informed and believes and on that basis alleges that Nelson & Kennard is a law firm partnership that regularly serves as Cach's agent against numerous California consumers, describing itself in communications to Castillo as a "debt collector attempting to collect a debt" on behalf of Cach.

20. On or around October 12, 2010, Nelson & Kennard, on behalf of Cach, served a summons and complaint on Castillo to collect the alleged outstanding value of the loan of or around $4,369.99.

21. Upon receiving the summons and complaint, Castillo called Nelson & Kennard to inform the law firm she did not owe money on the loan, but that it was Gutierrez who was obligated to make the payments. Castillo gave Nelson & Kennard the contact information of Gutierrez in Texas. Nelson & Kennard ignored Castillo's pleas to collect the alleged remaining debt directly from Gutierrez who originated the loan, and who exclusively enjoyed the loan proceeds.

22. Castro, an account representative at Nelson & Kennard, served as Castillo's primary point of contact at Nelson & Kennard. Castillo informed Castro she could not pay the outstanding amount on the loan, and pleaded with Castro to come to a solution.

23. Castro intimidated and threatened Castillo, informing Castillo that if she did not pay the amount she owed on the loan, Nelson & Kennard could take away the car owned by a third party friend of Castillo's, with whom she lived (and, in 2012, married) and the house where they both lived.

24. Terrified of causing the loss of her friend's car, and the home in which they both lived, and ignorant of her legal rights, Castillo was compelled to acquiesce in Defendants' insistence that she pay the remainder of the debt on a monthly payment schedule in or around $200 per month.

25. Under duress from Castro's threats, from or around November 2010 to May 2012, Castillo made periodic payments to Nelson & Kennard, paying in

Complaint For 1. Violations Of The Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 *Et Seq.*, 2. Violations Of The Rosenthal Act, Cal. Civ. Code Section 1788 *Et Seq.*, 3. Intentional Infliction Of Emotional Distress, And 4. Negligent Infliction Of Emotional Distress, Demand For Jury Trial
LEGAL02/33889045v1

total an amount of approximately $2,597.00.

26. During the period in which she made her payments to Nelson & Kennard, Castillo received letters periodically indicating the remaining balance allegedly owed on the loan. Confused by the amounts stated in the periodic letters, Castillo called Nelson & Kennard multiple times asking for an explanation of the remaining balance and often received aggressive and threatening responses from different employees at Nelson & Kennard.

27. When Castillo spoke with Castro over the phone, Castro belittled Castillo and aggressively told Castillo she had to continue making payments or Nelson & Kennard would act on its threats to seize the car of Castillo's friend, and their home.

28. If Castillo was one-day late making the $200 periodic payments, Castillo received multiple, frequent calls from different employees at Nelson & Kennard. The phone calls were long and intimidating, with employees of Nelson & Kennard often threatening to seize her friend's car if Castillo did not make her payments.

29. On or around February 24, 2012, Nelson & Kennard, on behalf of Cach, filed for a default judgment against Castillo in the amount of, or around, $2,869.70.

30. On or around March 1, 2012, the clerk of the Superior Court of Los Angeles County entered a default judgment against Castillo in the amount of, or around, $2,869.70.

31. After the default judgment in March 2012, Castillo continued to make her $200 payments but grew increasingly concerned and anxious that her payments did not result in an accurate decrease in the amount remaining on the loan. Feeling dejected, Castillo often called Nelson & Kennard asking for an explanation concerning the remaining balance, but Nelson & Kennard refused to offer any explanation.

32. Frightened that her loan balance was not decreasing accurately, in or around May 7, 2012, Castillo made her last payment to Nelson & Kennard, leaving an alleged remaining balance of or around $2,319.46.

33. Castillo suffered severely financially and emotionally from the actions of Defendants. Intimidated by the harassment, Castillo sold what few assets of value she had, including her jewelry, to make the payments demanded by Defendants.

34. During Castillo's conversations with Castro, Castillo always felt ill and suffered from swelled hands due to the stress.

35. On or around January 2012, concerned about her stress stemming from her interactions with Defendants, Castillo went to a doctor who told Castillo she had to find a way to ease her stress.

36. On or around February 2012, Castillo fell into a terrible depression and contemplated suicide as a result of her interactions with Defendants.

37. On or around February 2012, Castillo's stress and anxiety caused by Defendants put Castillo in the emergency room, where doctors prescribed her a generic brand of Xanax, to ease her emotional distress.

### FIRST CLAIM FOR RELIEF
**(Against All Defendants Pursuant to FDCPA §§ 806, 807, and 808)**

38. Castillo re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 37, as though fully set forth herein.

39. Defendants' actions described above have continued over the course of the past year and constitute multiple violations of the FDCPA section 806, which prohibits a debt collector from engaging in conduct that will "harass, oppress, or abuse" any person while attempting to collect a debt, including calling someone with the "intent to annoy, abuse, or harass" that person in connection with collecting a debt. 15 U.S.C. § 1692d. Defendants regularly contacted Castillo over

7

the phone with the intent to annoy, abuse, or harass her into paying the debt she allegedly owed using intimidating and belittling language to frighten, upset, and coerce her.

40. Defendants' actions described above, continuing over the course of the past year, also constitute multiple violations of the FDCPA section 807, which prohibits a debt collector from using "any false, deceptive, or misleading representation or means" while attempting to collect a debt, including threatening to seize any property of any person, unless the debt collector intends to take such action, or threatening to take action that cannot legally be taken. 15 U.S.C. § 1692e(5). On multiple occasions, Defendants informed Castillo Nelson & Kennard would seize the car of the friend with whom she was living, which was registered solely in that third party's name, or take away the house that Castillo occupied with him. In so doing, Defendants made threats that they could not legally act upon.

41. Defendants' actions described above, continuing over the course of the past year, also constitute multiple violations of the FDCPA section 808, which prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt," including threatening to take nonjudicial action to dispossess a person of property if there is no present right to possess that property claimed as collateral through an enforceable security interest or the debt collector has no present intention to take or dispossess the person of that property. 15 U.S.C. § 1692f. Defendants frequently threatened Castillo to dispossess her friend's car and the home which they occupied together, property over which Defendants did not have an enforceable security interest.

Complaint For 1. Violations Of The Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 Et Seq., 2. Violations Of The Rosenthal Act, Cal. Civ. Code Section 1788 Et Seq., 3. Intentional Infliction Of Emotional Distress, And 4. Negligent Infliction Of Emotional Distress, Demand For Jury Trial
LEGAL02/33889045v1

## SECOND CLAIM FOR RELIEF

**(Against Cach Pursuant to the Rosenthal Act §§ 1788.10 and 1788.11)**

42. Castillo re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 41, as though fully set forth herein.

43. The actions of Defendants Castro and Nelson & Kennard, as described above, have continued over the course of the past year and were all engaged in by Defendants as the authorized agents for Cach, within the course and scope of their authority. Through these actions of its agents, Cach is liable for multiple violations of section 1788.10 of the Rosenthal Act, which prohibits a debt collector from attempting to collect a consumer debt by threatening that nonpayment may result in the "seizure, garnishment, attachment or sale of any property" of the debtor "unless such action is in fact contemplated by the debt collector and permitted by the law." Cal. Civ. Code § 1788.10(e). Defendants informed Castillo that they would seize her friend's car, which was registered solely in that third party's name, and/or would take away the home that they occupied together. As such, Defendants have made threats to seize property that Cach is not permitted by law to seize.

44. Through Defendants' actions described above, continuing over the course of the past year, and carried out in the course and scope of their agency for Cach, Cach is also liable for multiple violations of section 1788.11 of the Rosenthal Act, which prohibits a debt collector from attempting to collect a consumer debt by using "obscene or profane language," or communicating with a debtor at "such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances." Cal. Civ. Code § 1788.11(a) and (e). Defendants wrote to and called Castillo at such frequency as to constitute harassment, especially given Castillo's fragile condition stemming from her anxiety that grew from her interactions with Defendants.

Complaint For 1. Violations Of The Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 *Et Seq.*, 2. Violations Of The Rosenthal Act, Cal. Civ. Code Section 1788 *Et Seq.*, 3. Intentional Infliction Of Emotional Distress, And 4. Negligent Infliction Of Emotional Distress, Demand For Jury Trial
LEGAL02/33889045v1

## THIRD CLAIM FOR RELIEF

### (Against All Defendants for Intentional Infliction of Emotional Distress)

45. Castillo re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 44, as though fully set forth herein.

46. Defendants' actions described above constitute intentional infliction of emotional distress under the common law of the State of California.

47. Defendants' actions that have continued over the course of the past two years, which intimidated and threatened Castillo, a person Defendants knew to be unsophisticated and vulnerable, who desperately attempted to pay back any debt allegedly owed, constituted outrageous conduct beyond all bounds of decency. Castillo pleaded with Defendants to come to a solution not to take her friend's car and their home. Defendants were aware of Castillo's vulnerability and despair, that she was completely unsophisticated in either financial or legal affairs, and that she herself had not benefitted from any of the loan proceeds allegedly due, but was, at most, an uninformed co-signer. Yet, Defendants continued their abuse that constituted behavior utterly intolerable in a civilized community.

48. Defendants' actions as alleged above intentionally and maliciously caused Castillo severe emotional distress by frequently calling her with aggressive and intimidating threats to take away her friend's car and their house, and belittling her with the purpose of scaring her into paying the debt allegedly owed on the loan. Aware of Castillo's state of despair, Defendants continued their abusive pressure on Castillo with reckless disregard to her increasing emotional trauma.

49. Defendants' actions over the course of the past two years have led to Castillo suffering from severe emotional distress, giving her severe anxiety and mental anguish, causing her to suffer physical pain, and leading to a depression that led to thoughts of suicide. As a consequence of the emotional distress inflicted by Defendants, Castillo was forced to seek emergency medical care, incurring medical expenses.

Complaint For 1. Violations Of The Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 *Et Seq.*, 2. Violations Of The Rosenthal Act, Cal. Civ. Code Section 1788 *Et Seq.*, 3. Intentional Infliction Of Emotional Distress, And 4. Negligent Infliction Of Emotional Distress, Demand For Jury Trial
LEGAL02/33889045v1

50. Defendants' actions as alleged above were a substantial factor in causing Castillo's severe emotional distress, constituting the actual and proximate cause of her mental anguish. If not for Defendants' unconscionable actions towards Castillo in their attempts to collect on the alleged balance of the loan, Castillo would not have suffered such severe emotional distress and mental anguish.

51. Castillo suffered from Defendants' intentional infliction of emotional distress and is therefore entitled to an award of actual and exemplary damages.

## FOURTH CLAIM FOR RELIEF

### (Against All Defendants for Negligent Infliction of Emotional Distress)

52. Castillo re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 51, as though fully set forth herein.

53. Defendants owed a duty of reasonable care towards Castillo at all times to act as a reasonably prudent person would to avoid any reasonably anticipated injury to Castillo under the circumstances as described above.

54. Defendants' actions undertaken over the course of the last two years breached this duty of care, as Defendants knew or should have foreseen failure to exercise the due care owed to Castillo would cause her to suffer severe emotional distress. Castillo made her despair and anxiety clear to Defendants, yet Defendants continued their unconscionable abuse toward Castillo.

55. Defendants' actions as alleged above were a substantial factor in causing Castillo's severe emotional distress, constituting the actual and proximate cause of her mental anguish. If not for Defendants' unconscionable actions towards Castillo in their attempts to collect on the alleged balance of the loan, Castillo would not have suffered such severe emotional distress and mental anguish.

11

Complaint For 1. Violations Of The Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 *Et Seq.*, 2. Violations Of The Rosenthal Act, Cal. Civ. Code Section 1788 *Et Seq.*, 3. Intentional Infliction Of Emotional Distress, And 4. Negligent Infliction Of Emotional Distress, Demand For Jury Trial
LEGAL02/33889045v1

56. Castillo suffered from Defendants' negligent infliction of emotional distress and is therefore entitled to an award of actual damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. For an order awarding general damages in the amount exceeding $75,000 to be proven at trial;

2. An order awarding medical and related expenses to be proven at trial;

3. An order awarding exemplary damages in an amount sufficient to deter Defendants from engaging in this behavior in the future;

4. Attorney's fees, expenses, and costs; and

5. Any such other and further relief as the Court may deem proper.

## JURY DEMAND

Castillo hereby demands a jury trial on all matters properly tried by jury.

Dated: January 23, 2013

**ALSTON & BIRD LLP**
WARD L. BENSHOOF
ANDREA S. WARREN

*/s/ Andrea Warren*

Andrea S. Warren
Attorneys for Plaintiff Ingrid Castillo

Complaint For 1. Violations Of The Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 *Et Seq.*, 2. Violations Of The Rosenthal Act, Cal. Civ. Code Section 1788 *Et Seq.*, 3. Intentional Infliction Of Emotional Distress, And 4. Negligent Infliction Of Emotional Distress, Demand For Jury Trial
LEGAL02/33889045v1

WARD L. BENSHOOF (SBN 49981)
ANDREA S. WARREN (SBN 287781)
ALSTON & BIRD LLP
333 S. Hope Street, 16th Floor
Los Angeles, CA 90071
Tel: (213) 576-1000; Fax: (213) 576-1100
Email: ward.benshoof@alston.com
andrea.warren@alston.com

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | CASE NUMBER |
|---|---|
| INGRID CASTILLO<br><br>PLAINTIFF(S)<br>v.<br><br>CACH, LLC; NELSON & KENNARD; GYTANA CASTRO; and DOES 1 through 10, inclusive<br><br>DEFENDANT(S). | CV13-00504 MRW<br><br><br>SUMMONS |

TO: DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>Ward L. Benshoof and Andrea S. Warren</u>, whose address is <u>Alston & Bird LLP, 333 S. Hope Street, 16th Floor, Los Angeles, CA 90071</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: JAN 23 2013        By: MARILYN DAVIS
                                    Deputy Clerk

                                    (Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

# CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
INGRID CASTILLO

**DEFENDANTS**
CACH, LLC; NELSON & KENNARD; GYTANA CASTRO, AND DOES 1 through 10, inclusive

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
WARD L. BENSHOOF (SBN 054987)
ANDREA S. WARREN (SBN 287781)
ALSTON & BIRD LLP
333 S. Hope Street, 16th Floor, Los Angeles, CA 90071
Tel: (213) 576-1000; Fax: (213) 576-1100

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No  ☐ **MONEY DEMANDED IN COMPLAINT:** $ 75,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. § 1692 et seq., violations of the Fair Debt Collection Practices Act

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☒ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 61 HIA(1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities – Employment | ☐ 640 R.R.& Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | **IMMIGRATION** | ☐ 446 American with Disabilities – Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus- Alien Detainee | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | |

**FOR OFFICE USE ONLY:** Case Number: CV13-00504

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)      CIVIL COVER SHEET      American LegalNet, Inc. www.FormsWorkflow.com      Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)
☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Cach, LLC in Colorado; Nelson & Kennard in Sacramento County, CA; Gytana Castro in Sacramento County, CA |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** /s/ Andrea Warren     Date January 23, 2013
Andrea S. Warren

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

CV-71 (05/08)　　　　　　　　　　　　　　　　　　CIVIL COVER SHEET　　　　　　　　　　　　　　　　　　Page 2 of 2

American LegalNet, Inc.
www.FormsWorkflow.com