1  WARD L. BENSHOOF (State Bar No. 054987)
2  ANDREA S. WARREN (State Bar No. 287781)
   **Alston & Bird LLP**
3  333 South Hope Street, 16th Floor
   Los Angeles, CA  90071-1410
4  Telephone:   (213) 576-1000
   Facsimile:   (213) 576-1100
5  Emails:       ward.benshoof@alston.com
                 andrea.warren@alston.com
6
   Attorneys for Plaintiff INGRID CASTILLO
7

8                  **UNITED STATES DISTRICT COURT**

9                  **CENTRAL DISTRICT OF CALIFORNIA**

10

11 INGRID CASTILLO,                    Case No:     2:13-CV-00504-MRW

12                                     **PLAINTIFF'S NOTICE OF**
      Plaintiff,                       **MOTION AND MOTION TO**
13                                     **AMEND SCHEDULING ORDER**
   vs.                                 **AND FOR LEAVE TO FILE**
14                                     **AMENDED COMPLAINT**

15 CACH, LLC; NELSON & KENNARD;        **[Filed Concurrently with Declaration of**
   GYTANA CASTRO; and DOES 1 through   **Andrea S. Warren, [Proposed] Order,**
16 10, inclusive,                      **and Plaintiff's First Amended Complaint]**

17    Defendants                       Hearing Date:  September 11, 2013
                                       Hearing Time: 9:30 a.m.
18                                     Courtroom:    H – 9th Floor
                                                     Honorable Michael R. Wilner
19

20                                     Complaint Filed: January 23, 2013

21

22

23

24

25

26

27

28

---

# TABLE OF CONTENTS

I.    INTRODUCTION ...................................................................................... 1

II.   STATEMENT OF FACTS ........................................................................ 2

III.  ARGUMENT ............................................................................................ 5

    A.   Good Cause Exists to Modify the Court's Status Conference Scheduling Order. ............................................................................. 5

    B.   The Court should Grant Plaintiff's Request for Leave to Amend her Complaint. ............................................................................... 6

        i.    Courts Freely Grant Leave to Amend Pleadings. ........................... 6

        ii.   Plaintiff First Learned Critical Information from Defendants After the Initial Deadline to Amend Pleadings. ........................... 7

    C.   Defendants Cannot Show Prejudice or Other Reasons for the Court to Deny Leave to Amend the Complaint. ................................... 8

        i.    Amendment will Not Prejudice Defendants ................................... 8

        ii.   Plaintiff's Proposed Amendment would Not be Futile under the Statute of Limitations, the *Rooker-Feldman* Doctrine, or under the doctrine of *Harvey v. Great Seneca Financial Corp.* as asserted by Defendants. ....................................................... 9

        iii.  Plaintiff does Not Seek Amendment in Bad Faith or as Dilatory Tactic. ............................................................................. 13

        iv.   Plaintiff has Sought Amendment without Undue Delay. .............. 13

        v.    Plaintiff has Sought No Other Amendments. ............................... 13

IV.   CONCLUSION ...................................................................................... 14

i

Plaintiff's Notice of Motion and Motion to Amend Scheduling Order and for Leave to File Amended Complaint
LEGAL02/34280363v3

# TABLE OF AUTHORITIES

**Page(s)**

## FEDERAL CASES

*Aldan v. World Corp.* (Dist. N. Marina Islands 2010)
267 F.R.D. 346.................................................................................5

*DCD Programs, Ltd. V. Leighton* (9th Cir. 1987)
833 F.2d 183 ....................................................................................6

*Donohue v. Quick Collect, Inc.*
592 F.3d 1027 (9th Cir. 2010) .........................................................10

*Eminence Capital, LLC v. Aspeon, Inc.* (9th Cir. 2003)
316 F.3d 1048 ..................................................................................8

*Foman v. Davis (1962)*
371 U.S. 178 ....................................................................................8

*Genentech, Inc. v. Abbott Laboratories* (Fed. Cir. 1989)
127 F.R.D. 529..................................................................................6

*Harvey v. Great Seneca Financial Corp.* (6th Cir. 2006)
453 F.3d 324 ("*Harvey*") ............................................................9, 12

*Heinz v. Jenkins* (1995)
514 U.S. 291 ..............................................................................10, 12

*Johnson v. Mammoth Recreation* (9th Cir.1992)
975 F.2d 604 ....................................................................................5

*Joseph v. JJ MacIntyre Companies, LLC* (N.D. Cal. 2003)
281 F.Supp.2d 1156 ("*Joseph*") ..............................................10, 11

*Kougasian v. TMSL*, Inc. (9th Cir. 2004)
359 F.3d 1136 ...........................................................................11, 12

*McCollough v. Johnson, Rodenburg & Lauinger* (9th Cir. 2011)
637 F. 3d 939 ........................................................................9, 10, 12

*U.S. v. Webb* (9th Cir.1981)
655 F.2d 977 ....................................................................................6

1
2

## **TABLE OF AUTHORITIES**
### **(Continued)**

3
4

*Union Pacific R. Co. v. Nevada Power Co.* (9th Cir. 1991)
        950 F.2d 1429 ............................................................................6

5

**CALIFORNIA CASES**

6
7

*Komarova v. National Credit Acceptance, Inc.* (2009)
        175 Cal.App.4th 324 ..............................................................10

8

**STATUTES**

9

15 U.S.C. §§ 1692e – 1692f  ..............................................1, 9, 12

10

**CAL. CIV. CODE § 1788.17** ....................................................1

11
12

**OTHER AUTHORITIES**

13

**FED. R. CIV. P. 15**................................................................2, 6

14

**FED. R. CIV. P. 16**................................................................2, 5

15

**FED. R. CIV. P. 26**............................................................2, 5, 13

16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiff's Notice of Motion and Motion to Amend Scheduling Order and for Leave to File Amended Complaint
LEGAL02/34280363v3

**NOTICE OF MOTION FOR A MODIFIED SCHEDULING ORDER AND FOR LEAVE TO FILE AMENDED COMPLAINT:**

PLEASE TAKE NOTICE that on September 11, 2013, at 9:30 a.m., or as soon thereafter as the matter can be heard, in the courtroom of the Honorable Michael R. Wilner, located at 312 N. Spring Street, Courtroom H, 9th Floor, Los Angeles, California 90012, Plaintiff Ingrid Castillo "Castillo" will, and hereby does, move pursuant to Rules 16(b) and 15(a) of the Federal Rules of Civil Procedure for a modification to the scheduling order and for an order granting Castillo leave to file Plaintiff's First Amended Complaint and ordering that the First Amended Complaint submitted with this motion be deemed filed.

The motion will be based on this Notice, the Memorandum of Points and Authorities, the Declaration of Andrea S. Warren, the [Proposed] Order filed concurrently herewith, all pleadings filed in this matter, and any further evidence or argument that the Court may properly receive at or before the hearing.

Dated:  August 8, 2013

Respectfully submitted,

**ALSTON & BIRD LLP**
WARD L. BENSHOOF
ANDREA S. WARREN

/s/ Andrea S. Warren

Andrea S. Warren
Attorneys for Plaintiff Ingrid Castillo

Plaintiff's Notice of Motion and Motion to Amend Scheduling Order and for Leave to File Amended Complaint
LEGAL02/34280363v3

I.     **INTRODUCTION**

Plaintiff brings this Motion to amend her general allegations and her first and second claims for relief based upon information she first learned only three weeks ago concerning Defendants' debt collection practices.   From the start of this action, Plaintiff framed her complaint and written discovery requests under counsel's assumption – erroneous as it has turned out – that Defendant Nelson & Kennard had a working loan file and/or had in their possession documents which substantiated the debt Plaintiff allegedly owes.  Plaintiff herself possessed no such documentation, and had no recollection of signing any loan documents, but did recall accompanying a friend of hers – Rita Gutierrez – to a Wells Fargo bank, and thought she may have signed a document she understood was a personal reference for Ms. Gutierrez.

Plaintiff first learned on July 15, 2013 that Nelson & Kennard possessed no loan documentation either.   Rather, during meet and confer conversations with opposing counsel and from Defendant's document production on July 15, 2013, Plaintiff learned that Nelson & Kennard commenced the debt collection action against Plaintiff based upon only a few lines of electronic information received from CACH, LLC; therefore had no actual knowledge that any debt existed; and yet, in pleadings filed against Plaintiff in the Los Angeles County Superior Court on October 10, 2012, misrepresented otherwise.

Based upon this newly discovered information, Plaintiff seeks to add the misconduct which it evidenced to the General Allegations of the Complaint, as well as to enhance the allegations under Plaintiff's First and Second Claims for Relief – the claims for violation of the Federal Fair Debt Collection Practices Act ("FDCPA") and the Rosenthal Act – by adding only one new paragraph to each claim under FDCPA Section 808 (15 U.S.C. §1692f) and its Rosenthal Act counterpart, Cal. Civ. Code § 1788.17, which both broadly forbid "unfair or unconscionable means to collect or attempt to collect any debt."   Considering the early stage of this matter, Defendants' obvious prior knowledge of this information, and the fact that Defendants have not as

1

1  yet commenced any discovery at all, Defendants cannot show prejudice by an
2  amendment at this time.

3  During the parties' meet and confer discussions concerning Plaintiff's request
4  that Defendants stipulate to Plaintiff's proposed amendment, Defendants asserted that
5  the amendment was futile,  asserting that the amended claims: (1) were barred by the
6  *Rooker-Feldman* doctrine; and (2) failed to state a claim under either the FDCPA or
7  the Rosenthal Act.  These objections are without merit.  With good cause to amend
8  this Court's Rule 16 scheduling order and the general policy to favor amended
9  pleadings under Rule 15, the Court should grant Plaintiff's motion.

10
11  **II.    STATEMENT OF FACTS**

12  This action concerns Defendants' violations under the FDCPA, the Rosenthal
13  Act, and the common law in their debt collection action against Castillo for a debt she
14  allegedly co-signed with a friend in 2008.  Castillo filed her initial complaint against
15  Defendants CACH, LLC ("CACH"), Nelson & Kennard, and Gytana Castro
16  ("Castro") on January 23, 2013.  After the May 28 2013 Status Conference between
17  parties pursuant to Rules 16 and 26 of the Federal Rules of Civil Procedure, this Court
18  entered the "ORDER RE: STATUS CONFERENCE" ("Scheduling Order") setting
19  July 1, 2013 as a cutoff date for parties to amend pleadings.  The Scheduling Order
20  also stated parties were to exchange initial Rule 26 disclosures by or before June 10,
21  2013.

22  Exchange of initial disclosures, documents, and other information between
23  parties has not gone smoothly.  On June 10, 2013, at the request of newly substituted
24  counsel for Nelson & Kennard, all parties stipulated to continuing the date for initial
25  disclosures until June 24, 2013.  Declaration of Andrea S. Warren, "Warren Decl.", ¶
26  4.  Pursuant to the stipulation, Plaintiff produced her initial disclosures, including 440
27  pages of documents, to all Defendants on June 24, 2013. Warren Decl., ¶ 5.  On the
28  same day, CACH and Nelson & Kennard each served abbreviated initial disclosures

2

1   on Plaintiff without any accompanying documents whatsoever. Warren Decl., ¶ 6.

2          In efforts to resolve outstanding disputes concerning the production of

3   documents, counsel for Plaintiff and Defendants engaged in a series of meet and

4   confer conversations, with ultimately little success.  Warren Decl., ¶ 7.   The parties

5   engaged this Court concerning the outstanding discovery disputes in a status

6   conference on July 3, 2013, resulting in a Minute Order dated July 5, 2013 ordering

7   Defendants to produce documents to Plaintiff by or before July 15, 2013.  Warren

8   Decl., ¶¶ 8-9.  In advance of the July 15 production date, parties' counsel continued to

9   engage in meet and confer conversations concerning the document production.

10         By July 8, 2013, Defendant Nelson & Kennard produced 85 MP3 files

11  containing a partial record of what were represented to be telephone conversations

12  between Plaintiff and Nelson & Kennard from July 12, 2011 through July 3, 2012.

13  No recordings of any kind were produced for the first year of communications

14  between Defendants and Plaintiff.

15         Later, on July 15, 2013, Nelson & Kennard also produced Nelson & Kennard's

16  Castillo "account notes", an insurance policy, documents which Nelson & Kennard

17  identified as training materials, and the state court pleadings for the underlying debt

18  collection action filed against Plaintiff.  Warren Decl., ¶ 10.  The state court pleadings

19  for the underlying action as produced by Nelson & Kennard included the complaint

20  filed by an attorney at Nelson & Kennard, Robert Scott Kennard, on October 12,

21  2010, and default judgment entered against Castillo on March 1, 2012.  Warren Decl.,

22  ¶ 10.  CACH likewise produced documents to accompany its initial disclosures on

23  July 15, 2013, including the 2012 default judgment entered against Castillo and

24  CACH's log notes concerning the debt collection practices against Castillo.  Warren

25  Decl., ¶ 11.

26         The Nelson & Kennard "account notes" produced on July 15th was the first

27  evidence made available to Plaintiff's counsel of the basis upon which Nelson &

28  Kennard initiated the state court litigation against Plaintiff:  a few lines of electronic

3

data purportedly stating the identity of the alleged debtors, and "Miscellaneous Information" which included only the dates the account was opened and closed; the supposed "Chg Off Balance" of "4369.99";  and the identity of the "Original Creditor", "Wells Fargo Bank NA". Warren Decl., ¶ 12.

Accordingly, July 15th, 2013 was the first date upon which Plaintiff learned (1) the basis upon which Defendants instituted their debt collection actions against Plaintiff; (2) that none of the information in Nelson & Kennard's possession was sufficient to place Nelson & Kennard in a position of any actual knowledge of the type, amount, terms, charges incurred, payments made, or supposed unpaid balance, including the date of that unpaid balance, on the alleged credit card debt, and (3) on account of that absence of any personal knowledge, when Nelson & Kennard failed to identify on the form state court complaint filed (Judicial Council pre-printed form PLD-C-001) that all of the allegations related to the debt, including the identity of Ms. Castillo as a debtor and the amount owed, were made on "information and belief". Nelson & Kennard's omission on the form complaint had all the hallmarks of being deliberately designed to wrongfully establish the pretext for what ultimately occurred – a clerk entered default judgment, without the evidentiary hearing required for complaints brought on information and belief.

Thereafter, from July 16th to July 19th further meet and confer discussions occurred amongst counsel, with Plaintiff asking Defendants to stipulate that Plaintiff should be allowed leave to file a First Amended Complaint.   Warren Decl., ¶¶ 13-14. Regarding the newly proposed allegations to Plaintiff's FDCPA and Rosenthal Act claims, Defendants took the position that such allegations were barred by the *Rooker-Feldman* doctrine as an impermissible attack on the state court judgment and that otherwise those new allegations failed to state a valid claim under either debt collection statute.   Warren Decl., ¶¶ 15-16.  Plaintiff again shared a revised draft of the First Amended Complaint on August 7, 2013, and asked Defendants to stipulate for Plaintiff to have leave to amend.   Defendants have indicated they are not

1    amenable to any such stipulation.  Warren Decl., ¶ 17.

2         Plaintiff believes Defendants' positions are without merit, and hence brings this

3    Motion to amend her Complaint based on the critical information she discovered only

4    three weeks ago.

5

6    **III.    ARGUMENT**

7         **A.    Good Cause Exists to Modify the Court's Status Conference Scheduling**

8              **Order.**

9         Under Rule 16(b) of the Federal Rules of Civil Procedure, the Court may

10   modify a scheduling order "only for good cause and with the judge's consent."  To

11   evaluate whether good cause exists, courts look to whether the parties cannot

12   reasonably meet the schedule as set forth in the order "despite the diligence of the

13   party seeking the extension." Fed. R. Civ. P. 16, Notes of Advisory Committee (1983

14   amendment); *Johnson v. Mammoth Recreation* (9th Cir.1992) 975 F.2d 604, 609;

15   *Aldan v. World Corp.* (Dist. N. Marina Islands 2010) 267 F.R.D. 346, 354-55.

16        In this case, Plaintiff acted diligently to receive information from Defendants

17   CACH and Nelson & Kennard concerning their debt collection practices.  Plaintiff

18   expected to receive such information from Defendants' Rule 26 Initial Disclosures,

19   due June 10, 2013 under the Scheduling Order. Apart from the limited phone

20   recordings received from Nelson & Kennard on July 8, 2013, Defendants did not

21   produce initial disclosures until July 15, 2013 per the Court's July 5, 2013 Minute

22   Order.   Counsel for Plaintiff and Defendants conducted many meet and confer

23   conversations concerning the production of initial disclosures.  Yet Nelson & Kennard

24   only revealed the critical information concerning the evidence upon which they relied

25   to pursue their debt collection efforts against Castillo through the initial disclosures of

26   documents produced on July 15, 2013.

27        The day after learning this new information, Plaintiff's counsel began further

28   meet and confer discussions with Defendants' counsel, informing them of Plaintiff's

5

1  intent to amend the Complaint, sending them drafts of Plaintiff's First Amended
2  Complaint based on this new information. Defense counsel, in turn, discussed the
3  basis of their objections to Plaintiff's proposed drafts, information which has caused
4  Plaintiff to seek leave to amend only her claims under the FDCPA and the Rosenthal
5  Act. Warren Decl., ¶¶ 15-16.

6       Considering Plaintiff's early ignorance of the information concerning
7  Defendants' debt collection practices; the delays of Defendants in producing any
8  documents concerning the alleged underlying debt; the fact that Defendants have
9  obviously known this information all along; and Castillo's prompt efforts to act on the
10  newly discovered information immediately after receiving it on July 15th, good cause
11  exists for the Court to modify the Scheduling Order and permit an amendment to the
12  pleadings after the original July 1, 2013 deadline.

13      **B.**    **The Court should Grant Plaintiff's Request for Leave to Amend her**
14            **Complaint.**

15         **i.**    **Courts Freely Grant Leave to Amend Pleadings.**

16       Courts have long recognized under the Federal Rules of Civil Procedure they
17  should "freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ.
18  P. 15(a). Courts should apply the policy behind Rule 15 favoring amendments with
19  "extreme liberality." *DCD Programs, Ltd. V. Leighton* (9th Cir. 1987) 833 F.2d 183,
20  186 (internal citations omitted); *see also Union Pacific R. Co. v. Nevada Power Co.*
21  (9th Cir. 1991) 950 F.2d 1429, 1432, *U.S. v. Webb* (9th Cir.1981) 655 F.2d 977, 979
22  (" . . . a court must be guided by the underlying purpose of Rule 15 to facilitate
23  decisions on the merits, rather than on the pleadings or technicalities."). Further, the
24  nonmoving party bears the burden to show why the Court should not grant leave to
25  amend. *Genentech, Inc. v. Abbott Laboratories* (Fed. Cir. 1989) 127 F.R.D. 529, 530-
26  31.
27  / / /
28  / / /

ii.     **Plaintiff First Learned Critical Information from Defendants After the Initial Deadline to Amend Pleadings.**

Plaintiff only seeks to file her First Amended Complaint because her counsel learned new information after the Scheduling Order cutoff of July 1, 2013.  This is due solely to the fact that neither CACH nor Nelson & Kennard produced any documents with their Initial Disclosures, but rather only produced documents on July 15, 2013, after being specifically directed to do so by the Court.   Specifically, it was not until after July 8th, when Plaintiff began discussions with Defendants over their objections to producing the CASTILLO LOAN file information, that Plaintiff received the first hint that no such file existed in Nelson & Kennard's possession and that the alleged debt was not, as Plaintiff had presupposed, a consumer loan but was rather an unpaid balance on a credit card issued to Ms. Gutierrez.

It was not until Defendants were compelled by this Court's Order to produce documents to Plaintiff on July 15th that Plaintiff received confirmation that (1) the entire proceeding commenced against her was not based upon the actual review by the collection attorneys of anything that Plaintiff had signed, but rather a few lines of electronic information which they took no steps to verify; (3) that Nelson & Kennard never possessed more than "information and belief" as to the veracity of the allegations made against Plaintiff; and that (3) when Nelson & Kennard failed to check the required box on the form state court complaint filed against Plaintiff, indicating that the entirety of the Complaint was brought on information and belief, including the amount owed on the debt, Nelson & Kennard, as experienced California debt collection attorneys, would have known that such a failure would allow them to bypass an evidentiary hearing and wrongfully induce a Superior Court clerk to conclude that the required basis for obtaining a clerk entered default judgment existed, when in truth and in fact it did not.

/ / /

/ / /

7

1    **C.    Defendants Cannot Show Prejudice or Other Reasons for the Court to**

2    **Deny Leave to Amend the Complaint.**

3    Defendants cannot show reasons for the Court to deny this Motion under the

4    factors typically considered for a grant of leave to amend a pleading: (1) possible

5    undue prejudice to the opposing party; (2) futility of amendment; (3) the movant's

6    possible bad faith or dilatory motive; (4) the number of amendments previously

7    allowed; and (5) undue delay.  *Eminence Capital, LLC v. Aspeon, Inc*. (9th Cir. 2003)

8    316 F.3d 1048, 1051-52 (citing *Foman v. Davis* (1962) 371 U.S. 178).

9    **i.    Amendment will Not Prejudice Defendants**

10    In none of the meet and confer discussions held to date have any of the

11    Defendants attempted to argue prejudice.    Yet, of the five factors considered often

12    considered in granting leave to amend, the possible prejudice to the opposing party is

13    the critical factor that "carries the greatest weight." *Eminence Capital, LLC, supra*,

14    316 F.3d at 1052.  Defendants have not asserted prejudice and, indeed, there is no

15    evidence timing of this amendment would prejudice Defendants. Plaintiff seeks

16    amendment at this early stage in Discovery, well before any depositions have been

17    scheduled or Defendants CACH or Nelson & Kennard have served any discovery

18    requests themselves.  Defendants have ample time to address the new allegations in

19    the discovery, which no Defendant has yet to commence.

20    Plaintiff's revised allegations under her first and second causes of action add

21    allegations which Defendants themselves have obviously known of for some time, and

22    relate to the same debt collection practices of Defendants that formed the basis of

23    Plaintiff's allegations in her original complaint.    Granting leave for Plaintiff to file

24    her First Amended Complaint this early in the litigation will clearly not prejudice

25    Defendants.

26    / / /

27    / / /

28    / / /

8

ii.     **Plaintiff's Proposed Amendment would Not be Futile under the Statute of Limitations, the *Rooker-Feldman* Doctrine, or under the doctrine of *Harvey v. Great Seneca Financial Corp.* as asserted by Defendants.**

During meet and confer conversations between Plaintiff's and Defendants' counsel in advance of filing the Joint Status Report on July 19, 2013, Defendants CACH and Nelson & Kennard asserted Plaintiff's proposed amendments to the Complaint would be futile, barred by (1) the applicable statute of limitations; (2) the *Rooker-Feldman* doctrine; and (3)  the authority of *Harvey v. Great Seneca Financial Corp.* (6th Cir. 2006) 453 F.3d 324 ("*Harvey*").   As we will see, Defendants' arguments of futility have no merit.

Indeed, Plaintiff's new allegations closely parallel the factual circumstance under which the Ninth Circuit recently found the defendant debt collection law firm had violated the FDCPA.   The case we refer to is *McCollough v. Johnson, Rodenburg & Lauinger* (9th Cir. 2011) 637 F. 3d 939 where, like Nelson & Kennard failing here to disclose on the form complaint it filed that none of its allegations were based upon actual knowledge, or any inquiry at all, the defendant lawyers – amongst other misconduct – had served Requests for Admission on the defendant debtor, without including the required warning that the debtor's failure to respond in writing within 30 days would cause the requests to be admitted.   *McCollough*, *supra*, 637 F. 3d at 952.

Characterizing such deficient discovery as "false requests for admission", the Ninth Circuit continued on to hold that utilizing such a "false" discovery document clearly "violated the FDCPA as a matter of law.   The FDCPA prohibits a debt collector from using either 'unfair or unconscionable means to collect . . . any debt', 15 U.S.C. § 1692f, or 'any false, deceptive, or misleading . . . means in connection with the collection of any debt', id. § 1692e." *Id.*

If service of a discovery request upon an alleged debtor  which fails to comply with the form required by law, is a "false" document, rendering the debt collection

9

lawyers liable under the FDCPA "as a matter of law", obviously the service upon Plaintiff of a complaint which concealed the fact that Defendants had instituted proceedings against her without any actual knowledge of the allegations made – contrary to the explicit instructions of the Judicial Council form utilized – similarly renders Defendants liable as a matter of law.[1]

Moreover, Plaintiff's request to seek leave to add Defendants' recently discovered wrongful litigation activities to the First Amended Complaint not only clearly states a claim under the analysis of *McCollough* but also implements what the United States Supreme Court has clearly held is one of the fundamental purposes of the FDCPA:  to regulate "the litigating activities of lawyers" in collecting debts. *Heinz v. Jenkins* (1995) 514 U.S. 291, 294; *McCollough*, *supra*, 637 F. 3d at 950.

Defendants' arguments to the contrary are simply untenable.

With respect to Defendants' arguments concerning supposed statute of limitations deficiencies, Plaintiff alleges Defendants' wrongs were a continuing pattern and course of conduct since Defendants first commenced their debt collection actions against Plaintiff in July 2010.  The statutes of limitations for the Federal Debt Collection Practices Act and the Rosenthal Act are both subject to the continuing violation doctrine, under which the action is timely filed if within one year of the most recent date of wrongdoing.  *Joseph v. JJ MacIntyre Companies, LLC*  (N.D. Cal. 2003) 281 F.Supp.2d 1156, 1160-62 ("*Joseph*"); *Komarova v. National Credit Acceptance, Inc.* (2009) 175 Cal.App.4th 324, 343-45.  Plaintiff meets this test by her allegations of Defendants' continuing conduct – a series of similar, connected acts, of pursuing Plaintiff on a debt that Defendants had no probable cause to believe that Plaintiff owed, in the amount sought, or in any amount, using a state court pleading which deliberately concealed from the state court that Defendants allegations against Plaintiff were entirely based – at most – on information and belief, and were without

---

[1] That the FDCPA covers the filing of complaints is well-settled in the Ninth Circuit.  *Donohue v. Quick Collect, Inc.* 592 F.3d 1027, 1031 -32 (9th Cir. 2010)

any support in actual knowledge or reasonable inquiry.

Defendants commenced this series of connected acts on July 10, 2010, and continued until Castillo on or around May 7, 2012. Proposed First Amended Complaint ("FAC"), ¶¶ 15-30.   In *Joseph*, the plaintiff similarly brought suit against a debt collector for violating the FDCPA and Rosenthal Act through a repeated pattern of collection letters sent and automated phone calls made to Plaintiff.   Analogizing a pattern of repeated harassing phone calls to hostile work environment claims, the *Joseph* Court held the pattern of conduct allegedly in violation of the FDCPA and Rosenthal Act fell within the continuing violation doctrine.   *Joseph*, *supra*, 281 F.Supp.2d at 1160-1161.  The *Joseph* court noted the key to the statute of limitations analysis is "whether the conduct complained of constitutes a continuing pattern and course of conduct as opposed to unrelated discrete acts." *Id.* at 1161.  Here, Defendants' actions against Castillo, starting with the filing of the October 2010 complaint and continuing with their letters and phone calls attempting to collect on the default judgment collected in that action, constituted a continuing pattern of unfair and unconscionable behavior towards Plaintiff.

The *Rooker-Feldman* doctrine – raised by Defendants as a bar to Plaintiff's First Amended Complaint – also does not preclude Plaintiff's new allegations, since Plaintiff does not seek to set aside the Superior Court default judgment based on the Court's error.   The *Rooker-Feldman* doctrine keeps a federal court from exercising subject matter jurisdiction over a lawsuit that is a "de facto appeal from a state court judgment." *Kougasian v. TMSL*, Inc. (9th Cir. 2004) 359 F.3d 1136, 1139.   In *Kougasian* – a case literally "on all fours" – the Ninth Circuit held the *Rooker-Feldman* doctrine does not apply to claims asserting that a state court judgment was procured by extrinsic fraud, i.e. by the submittal of false declarations.   *See id.*  Here, as in *Kougasian*, Plaintiff seeks to allege that the collection proceedings were commenced, and the state court default judgment ultimately procured, through Defendant's unfair, unconscionable and/or fraudulent acts.  Moreover, as *Kougasian*

11

1   further makes clear, even in instances where a Plaintiff seeks to set aside a state court

2   judgment, the *Rooker-Feldman* doctrine is not implicated **unless** the Plaintiff seeks to

3   set aside a state court judgment *based upon error of the court* – not a wrongful act

4   committed by one of the parties.  *Id.*  In her First Amended Complaint, Plaintiff seeks

5   leave to allege unlawful, unfair, and/or unconscionable conduct by CACH and Nelson

6   & Kennard in procuring the state court judgment and in deceiving the court by their

7   filings.  Plaintiff's proposed First Amended Complaint does not allege any error by

8   the Court.  Based upon the false information filed by Defendants, the state court acted

9   as it should have.

10       The final objection asserted by Defendants in the parties' meet and confer

11   discussions was the claim that the decision in *Harvey* forbids Plaintiff complaining of

12   Defendants' litigation activities as "unfair" or "unconscionable" conduct under either

13   the FDSPA or the Rosenthal Act.

14       Defendants are mistaken.

15       First, amply authority – not the least of which are the Supreme Court's decision

16   in *Heinz* and the Ninth Circuit's decision in *McCollough* – clearly hold to the

17   contrary.

18       Second, *Harvey* plainly does not broadly immunize the filing of false

19   complaints by debt collection lawyers, nor does the opinion address at all what

20   allegations are necessary to state a claim under FDCPA Section 808, 15 U.S.C. §

21   1692f for "unfair or unconscionable"  debt collection actions.   Yet Plaintiff seeks to

22   add her new allegations *solely* to that particular FDCPA claim and not her claim under

23   any of the other statutory sections.

24       *Harvey* solely considered what was necessary to state a claim under two other

25   FDCPA sections, 15 U.S.C. §§ 1692d and 1692e(10), neither of which embrace the

26   broad "unfair" or "unconscionable" proscription of 15 U.S.C. § 1692(f). Moreover,

27   the single act alleged by the plaintiff in *Harvey* to have violated §§ 1692d and

28   1692e(10), that the defendants "did not have the means of proving their debt

12

collection claim" at the time of filing their complaint, is only a small subset of the wrongful conduct alleged here as "unfair and unconscionable". The alleged conduct here includes making false statements to the California Superior Court concerning their knowledge of the Complaint's allegations. FAC, ¶¶ 16-19.

### iii. Plaintiff does Not Seek Amendment in Bad Faith or as Dilatory Tactic.

Plaintiff does not seek leave to amend her complaint in bad faith or as a tactic to delay progress in this case. Plaintiff has sought information from Defendants relevant to her allegations since Rule 26 Initial Disclosures were due on June 10, 2013. The newly discovered information from Defendants contradicted Plaintiff's assumptions surrounding Defendants' debt collection actions towards Plaintiff. The new information prompted Plaintiff to reevaluate her allegations and file this motion as quickly as possible. Plaintiff wants nothing more than this case to progress efficiently on all meritorious claims related to Defendants' behavior towards Plaintiff.

### iv. Plaintiff has Sought Amendment without Undue Delay.

Despite efforts to learn information early through the Initial Disclosures originally due in June, Plaintiff only discovered the information relevant to her revised allegations during the weeks of July 8 and July 15, 2013. Upon learning the information, Plaintiff promptly notified counsel for CACH and Nelson & Kennard of Plaintiff's intent to seek leave to file an amended complaint. Plaintiff further sent a draft of her proposed First Amended Complaint for review to CACH and Nelson & Kennard on July 17, 2013, and later sent a newly revised draft on August 7, 2013.

### v. Plaintiff has Sought No Other Amendments.

This request is Plaintiff's first attempt to amend a pleading in this case. Plaintiff has shown no pattern of seeking other modifications to the Scheduling Order. Plaintiff wants only to pursue all meritorious claims related to Defendants' behavior in this action.

/ / /

1

## IV.    <u>CONCLUSION</u>

2      For the foregoing reasons, Plaintiff requests this Court modify the Scheduling

3  Order, grant Plaintiff leave to amend the original complaint, and deem Plaintiff's First

4  Amended Complaint filed currently herewith as filed with the Court.

5

6   Dated:  August 8, 2013                 Respectfully submitted,

7                                          **ALSTON & BIRD LLP**
                                           WARD L. BENSHOOF
8                                          ANDREA S. WARREN

9                                          /s/ Andrea S. Warren
                                           _____
10
                                           Andrea S. Warren
11                                         Attorneys for Plaintiff Ingrid Castillo

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiff's Notice of Motion and Motion to Amend Scheduling Order and for Leave to File Amended Complaint
LEGAL02/34280363v3