WARD L. BENSHOOF (State Bar No. 054987)
ANDREA S. WARREN (State Bar No. 287781)
**Alston & Bird LLP**
333 South Hope Street, 16th Floor
Los Angeles, CA 90071-1410
Telephone:  (213) 576-1000
Facsimile:    (213) 576-1100
Emails:       ward.benshoof@alston.com
                   andrea.warren@alston.com

Attorneys for Plaintiff INGRID CASTILLO

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| INGRID CASTILLO,<br><br>                    Plaintiff,<br><br>vs.<br><br>CACH, LLC; NELSON & KENNARD; GYTANA CASTRO; and DOES 1 through 10, inclusive,<br><br>                    Defendants | Case No:     2:13-CV-00504-MRW<br><br>**PLAINTIFF'S STATUS REPORT**<br><br>Hearing Date: October 8, 2013<br>Hearing Time: 10:00 a.m.<br>Courtroom: Telephonic Hearing<br>                   Honorable Michael R. Wilner<br><br>Complaint Filed: January 23, 2013 |

# STATUS REPORT

Plaintiff Ingrid Castillo ("Castillo") files this Status Report pursuant to this Court's Minute Order of August 28, 2013 to report on developments since the Parties filed their Joint Motion to Modify Scheduling Order on that date.

## I.   CACH JUDGMENT AND SETTLEMENT

On August 12, 2013 Judgment was entered against Defendant CACH, LLC pursuant to that defendant's Rule 68 Offer.   Thereafter, Plaintiff and her attorneys met and conferred with CACH concerning their claim for attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and a settlement was ultimately reached on that matter as well.

## II.   PLAINTIFF'S MOTION TO AMEND AND PLAINTIFF'S SETTLEMENT OFFER TO NELSON & KENNARD AND CASTRO

In the meantime, on August 8, 2013, from information learned through discovery produced to date, Castillo filed a motion for the Court to modify the Scheduling Order to allow for Castillo to amend her complaint to add further alleged violations of the Fair Debt Collection Practices Act against the remaining defendants, Nelson & Kennard and Castro.   That Motion had been set for hearing on September 11, 2013.   However, on August 28th, the parties reached an agreement that this Motion should be taken off calendar, to conserve resources and to facilitate potential settlement.

Nelson & Kennard thereafter produced further recordings of telephone conversations with Plaintiff which both parties separately reviewed.   On October 2, 2013, following this review, counsel had a telephone call to discuss settlement, after which Plaintiff made a settlement offer to Nelson & Kennard and Castro jointly of $9,469.70.   See Exhibit "A" hereto.

LEGAL02/34436636v1

At the same time, Plaintiff advised defendants that in the event her settlement offer was declined, she was prepared to proceed forward with a revised First Amended Complaint, augmenting her claims under the federal and state fair debt collection practices act statutes, and abandoning any claims of emotional distress. Plaintiff forwarded a copy of that proposed First Amended Complaint to defendants on October 4, 2013, requesting their stipulation that Plaintiff have leave to file. A copy of that proposed pleading is attached hereto as Exhibit B.

## III.   **FURTHER PROCEEDINGS**

As of Monday afternoon, October 7, 2013, Plaintiff had not heard from defendants on either her settlement offer, or on the request that defendants stipulate that Plaintiff be allowed to file her proposed amended and supplemental pleading, nor had an e-mail requesting a phone call to discuss this status report been responded to.

Plaintiff believes that its amended claims against defendants – predicated upon discovery which Plaintiff alleges establishes that the Complaint filed against Plaintiff by defendants in the underlying state action was a "false document" for failure to comply with state pleading requirements – are suitable for summary adjudication under the rule set forth in *McCollough v. Johnson, Rodenburg & Lauinger* (9th Cir. 2011) 637 F.3d 939 for similar claims.

Dated:  October 7, 2013                    Respectfully submitted,

                                           **ALSTON & BIRD LLP**
                                           WARD L. BENSHOOF
                                           ANDREA S. WARREN


                                           _____*/s/ Andrea S. Warren*_____
                                           Andrea S. Warren
                                           Attorneys for Plaintiff Ingrid Castillo

EXHIBIT A

# ALSTON&BIRD LLP

333 South Hope Street, 16th Floor
Los Angeles, CA 90071-1410

213-576-1000
Fax: 213-576-1100
www.alston.com

Ward L. Benshoof                    Direct Dial: 213-576-1108              Email: ward.benshoof@alston.com

October 2, 2013

VIA E-MAIL AND U.S. MAIL

David J. Kaminski, Esq.
Carlson & Messer LLP
5959 W. Century Boulevard, Suite 1214
Los Angeles, CA  90045

Re:   *Ingrid Castillo v. CACH, LLC, et al:*  Plaintiff's Settlement Offer

Dear Counsel:

While, for the reasons discussed in our telephone call of this afternoon, Plaintiff views her case against Nelson & Kennard and Gytana Castro as having a more substantial settlement value than Plaintiff's claims against CACH, LLC, Plaintiff nonetheless is prepared to enter into the same settlement with your clients as it did with CACH: $9,469.70 paid to Plaintiff in exchange for a complete mutual release of all claims, including Plaintiff's claim for attorney fees.

We would hope that your clients find this an acceptable resolution.

In the event they do not, we will plan on reporting to Judge Wilner as required on October 7th the nature of this offer, as well as Plaintiff's intent to proceed forward to amend her Complaint to (a) abandon any claim for emotional distress; and (b) amend her FDCPA and Rosenthal Act claims as set forth on the earlier proposed Amendment which was taken off calendar.

In the event that your clients decline to accept Plaintiff's settlement offer, by this letter we would request that your clients stipulate to Plaintiff's proposed First Amended Complaint as described immediately above, so that we can move this matter along.

As indicated in our conversation, we do believe the statutory claims are suitable for summary adjudication, for the reasons set forth in *McCollough v. Johnson, Rodenburg & Lauinger* (9th Cir. 2011) 637 F. 3d 939, and would further report to the Court on Plaintiff's intent to pursue such a motion.

Atlanta • Brussels • Charlotte • Dallas • Los Angeles • New York • Research Triangle • Silicon Valley • Ventura County • Washington, D.C.

David J. Kaminski, Esq.
October 2, 2013
Page 2

     Please let us know at your earliest convenience whether your clients accept Plaintiff's settlement offer.

                     Sincerely,

                     ALSTON & BIRD LLP

                     Ward L. Benshoof

WLB:lkl

cc:    Stephen Watkins

LEGAL02/34427868v1

EXHIBIT B

1  WARD L. BENSHOOF (State Bar No. 054987)
2  ANDREA S. WARREN (State Bar No. 287781)
   **Alston & Bird LLP**
3  333 South Hope Street, 16th Floor
   Los Angeles, CA  90071-1410
4  Telephone:  (213) 576-1000
   Facsimile:  (213) 576-1100
5  Emails:      ward.benshoof@alston.com
               andrea.warren@alston.com
6
   Attorneys for Plaintiff INGRID CASTILLO
7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11  INGRID CASTILLO,                    Case No:     2:13-CV-00504-MRW

12  Plaintiff,                          **PLAINTIFF'S FIRST AMENDED
                                        AND SUPPLEMENTAL
13  vs.                                 COMPLAINT FOR:**

14  NELSON & KENNARD and GYTANA         **1. VIOLATIONS OF THE FAIR
                                        DEBT COLLECTION PRACTICES
15  CASTRO                              ACT, 15 U.S.C. SECTION 1692 *ET
                                        SEQ.*,**
16
17  Defendants                         **2. VIOLATIONS OF THE
                                        ROSENTHAL ACT, CAL. CIV.
18                                      CODE SECTION 1788 *ET SEQ.*,**

19

20

21

22

23

24

25

26

27

28

Plaintiff's First Amended and Supplemental Complaint for: Violations of the Fair Debt Collection Practices Act, etc.

LEGAL02/34433018v1

Plaintiff Ingrid Castillo alleges as follows:

## **INTRODUCTION**

1.     Plaintiff Ingrid Castillo ("Castillo") brings this Complaint to remedy multiple violations by Defendants under the Federal Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. section 1692 *et seq*., the Rosenthal Fair Debt Collection Practices Act (the "Rosenthal Act"), Cal. Civ. Code section 1788 *et seq*.

2.     This Complaint arises from Defendants' unlawful actions undertaken to collect a debt allegedly owed by Castillo, including: (a) undertaking unwarranted threats to seize Castillo's home as she made conscientious efforts, under duress, to pay a balance allegedly due on the alleged debt that Defendants knew Castillo herself had never obtained any benefit from; and (b) ultimately filing false legal documents to obtain a default judgment against Castillo which misrepresented Defendants' knowledge of the type, amount, or terms of the underlying debt allegedly owed by Castillo.

## **THE PARTIES**

3.     Castillo is a natural person residing in the County of Los Angeles. Castillo is allegedly obligated to pay a debt and is a "consumer" within the meaning of the FDCPA section 803. 15 U.S.C. § 1692a(3). Castillo is also a "person" and "debtor" within the meaning of the Rosenthal Act section 1788.2. Cal. Civ. Code § 1788.2(g)-(h). According to Defendants, Castillo allegedly owes a "consumer debt" within the meaning of the Rosenthal Act. Cal. Civ. Code. § 1788.2(f).

4.     Castillo is informed and believes and on that basis alleges that Nelson & Kennard is a California law firm partnership acting in this matter as the agent of CACH, LLC, a limited liability corporation with its principal place of business in Colorado.  CACH conducts business throughout the State of California, including the County of Los Angeles, engaging agents in California to utilize the instrumentalities

1

1  of interstate commerce, including the U.S. Mail, to collect debts and file judicial

2  actions in California courts to collect consumer debts allegedly owed.  CACH had

3  previously been a defendant in this action, whose status has been resolved through an

4  Offer, Acceptance and Entry of Judgment pursuant to Fed. R. Civ. P. Rule 68, as well

5  as a Settlement Agreement with Plaintiff and Plaintiff's attorneys.

6      5.    Nelson & Kennard has its principal place of business in Sacramento,

7  California, and describes itself as a firm that is a "debt collector" and uses

8  instrumentalities of interstate commerce, including the U.S. Mail, to conduct its

9  principal purpose of business to collect debts. Nelson & Kennard is a "debt collector"

10  within the meaning of both the FDCPA section 803, 15 U.S.C. § 1692a(6) ), as well as

11  the Rosenthal Act, Cal. Civ. Code § 1788.2(c).  As a law firm consisting of attorneys

12  licensed to practice law in California, Nelson & Kennard is additionally subject to the

13  provisions of section 6077.5 of the California Business & Professions regulating debt

14  collection practices of attorneys and their employees.

15      6.    Castillo is informed and believes and on that basis alleges that Gytana

16  Castro is a natural person and was an employee of Nelson & Kennard, and thus

17  CACH's agent, serving as an account representative at all times relevant to the

18  Complaint. Castro used instrumentalities of interstate commerce, including U.S. Mail,

19  in attempts to collect a debt and is a "debt collector" under the FDCPA section 803,

20  15 U.S.C. § 1692a(6) and Rosenthal Act, Cal. Civ. Code § 1788.2(c).

21

22          **JURISDICTION AND VENUE**

23      7.    Castillo brings this Complaint under the FDCPA, 15 U.S.C. § 1692 *et

24  seq*. and the Rosenthal Act, Cal. Civ. Code § 1788 *et seq*.

25      8.    This Court has subject matter jurisdiction, as this Complaint raises a

26  claim for relief founded substantially on federal law, the Federal Fair Debt Collection

27  Practices Act, 15 U.S.C. section 1692 *et seq*.  This Court has supplemental jurisdiction

28  over the related state law claims pursuant to 28 U.S.C. § 1367 insofar as those claims

1    arise out of the same transactions and occurrences as the federal claims.

2        9.    Venue is proper in this Court because: (1) Plaintiff's claims arose and

3    occurred within this judicial district, specifically Los Angeles County; (2) Plaintiff

4    resides in this judicial district, specifically Los Angeles County, and (3) Defendants'

5    wrongful acts took place through communications directed against Plaintiff in this

6    judicial district, specifically Los Angeles County.

7

8                              **GENERAL ALLEGATIONS**

9        10.   In 2007, not understanding the significance of her actions, Castillo

10   accompanied a friend, Ms. Rita Gutierrez ("Gutierrez") to a branch of the Wells Fargo

11   Bank ("Wells Fargo"), and, according to Defendants, allegedly co-signed a Wells

12   Fargo credit card agreement taken out for Ms. Gutierrez, and in Ms. Gutierrez's name.

13   According to Defendants, on or about October 14, 2009, Wells Fargo, for value

14   received, assigned its rights under this agreement to CACH.

15       11.   CACH subsequently hired as its agent Nelson & Kennard to collect the

16   alleged unpaid balance of the Gutierrez credit card agreement on CACH's behalf.

17   Gutierrez, the original obligor and the sole beneficiary of the Wells Fargo credit card

18   and any charges made against it, left California.  Castillo thus became Defendants'

19   collection target.

20       12.   CACH retained Nelson & Kennard on or about July 3, 2010 to

21   commence collection proceedings against Plaintiff on the alleged Gutierrez credit card

22   debt.    On July 10, 2010, Nelson & Kennard commenced collection proceedings

23   against the Plaintiff and on October 12, 2010, Robert Scott Kennard of Nelson &

24   Kennard caused to be filed in the Los Angeles County Superior Court a Complaint for

25   Breach of Contract against Plaintiff.  Robert Scott Kennard filed this Complaint, on

26   behalf of CACH, on a Judicial Council pre-printed form PLD-C-001, declaring

27   Plaintiff's indebtedness to CACH to be "the sum of $4,369.99".

28       13.   Notwithstanding that California law only permits an attorney to verify a

                                          3

pleading when the client's absence from the county of filing makes it impractical or impossible to obtain the client's signature, Plaintiff is informed and believes and on that basis alleges that in order to shield CACH from potential liability for filing fraudulent claims, and according to their standard and unfair business practices, Mr. Kennard agreed to verify the Complaint against Plaintiff.   At all times, however, CACH was in touch with and available to Mr. Kennard, both electronically and by mail, and thus California law did not permit use of an attorney verification.

14.   Yet Plaintiff is informed and believes and on that basis alleges that Defendants knew and intended that in order to establish the predicate for later obtaining a clerk entered default judgment against Plaintiff without an actual evidentiary showing being required, a verification of some sort would have to be attached to the Complaint. This verification was a matter of formality that all clerks would likely check before entering the opposing party's default.  On information and belief, Plaintiff further alleges that Defendants also knew that even though Mr. Kennard had no personal knowledge of any of the Complaint's allegations, clerks in California's Superior Courts presented with a request to enter default judgment routinely checked not only whether a verification was attached to the Complaint, but also Section 11 of the Judicial Council form to identify paragraphs of the form complaint alleged upon information and belief.   Defendant Nelson & Kennard was aware that if that Section 11 were truthfully filled out they would have been required to identify the entirety of the Complaint, including the claim of the "sum owed", as being alleged on information and belief.

15.   Plaintiff is further informed and believes, and on that basis alleges, that on the basis of their experience in filing hundreds of debt collection actions in California courts and elsewhere, Defendants knew that if Section 11 of the Judicial Council form Complaint was checked indicating that the existence of the debt and the "amount owed" were alleged on information and belief, such an admission would negate the value of the Complaint as "admissible evidence in support of the judgment

1   requested" pursuant to California Rule of Court 3.1800 (a) and that, as a consequence,
2   a clerk would not have the authority to enter a default judgment against Plaintiff based
3   upon the Complaint alone. Rather, Defendants would have been required to satisfy
4   California Rule of Court 3.1800 (a)'s requirement for "admissible evidence" before
5   default could be obtain.   Defendants thus deliberately left Section 11 blank, knowing
6   that the effect of such an action would be to misrepresent to a Superior Court clerk
7   that the Complaint's allegations of the existence of a debt and money due were made
8   on the basis of personal knowledge, and hence, would allow Defendants to avoid
9   being required to present the very "admissible evidence" in support of a default
10  request that the law would have otherwise required but which Plaintiff alleges, on
11  information and belief, Defendants were unsure they could satisfy.

12      16.    On March 1, 2012, acting on the misleading Complaint, with Section 11
13  blank, and Defendant Nelson & Kennard's sworn Request for Default, both of which
14  falsely attested that the accuracy of the sum allegedly owed by Plaintiff was averred
15  on the basis of personal knowledge, the clerk of the Los Angeles Superior Court
16  entered Default Judgment in the amount of $2,869.70 in favor of CACH, against
17  Plaintiff.

18      17.    Promptly after Defendants began their unlawful collection actions against
19  Plaintiff in July of 2010, Castillo called Nelson & Kennard to inform the law firm she
20  did not owe money on the alleged debt, but that it was Gutierrez who was obligated to
21  make the payments. Castillo gave Nelson & Kennard the contact information of
22  Gutierrez in Texas. Nelson & Kennard ignored Castillo's pleas to collect the alleged
23  remaining debt directly from Gutierrez who originated the alleged debt, and who
24  exclusively enjoyed the alleged debt's proceeds.

25      18.    Castro, an account representative at Nelson & Kennard, served as
26  Castillo's primary point of contact at Nelson & Kennard. Castillo informed Castro she
27  could not pay the outstanding amount on the alleged debt, and pleaded with Castro to
28  come to a solution.

5

Plaintiff's First Amended Complaint for: (1) Violations of the Fair Debt Collection Practices Act, etc.;
Demand for Jury Trial

19.    Castro intimidated and threatened Castillo, informing Castillo that if she did not pay the amount she owed on the alleged debt, Nelson & Kennard could take away the house where Castillo and her friend, whom she married in 2012, lived.

20.    Terrified of causing the loss of the home in which they both lived and ignorant of her legal rights, Castillo was compelled to acquiesce in Defendants' insistence that she pay the remainder of the debt on a monthly payment schedule in or around $200 per month.

21.    Under duress from Castro's threats to take away her home, from or around November 2010 to May 2012, Castillo made periodic payments to Nelson & Kennard, paying in total an amount of approximately $2,597.00.

22.    During the period in which she made her payments to Nelson & Kennard, Castillo received letters periodically indicating the remaining balance allegedly owed on the debt. Confused by the amounts stated in the periodic letters, Castillo called Nelson & Kennard multiple times asking for an explanation of the remaining balance and often received confusing and inconsistent responses from different employees at Nelson & Kennard.

23.    After the default judgment was entered against her in March 2012, Castillo continued to make her $200 payments, but grew increasingly concerned and anxious her payments did not result in an accurate decrease in the amount remaining on the alleged debt.  Feeling dejected, Castillo often called Nelson & Kennard asking for an explanation concerning the remaining balance, but Nelson & Kennard refused to offer any explanation.

24.    Frightened that her alleged debt balance was not decreasing accurately, in or around May 7, 2012, Castillo made her last payment to Nelson & Kennard, leaving an alleged remaining balance of or around $2,319.46.

## FIRST CLAIM FOR RELIEF

### (Against All Defendants Pursuant to FDCPA §§ 807, and 808)

6

25.    Castillo re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 24, as though fully set forth herein.

26.    Defendants' actions described above, continuing over the course of the past year, also constitute multiple violations of the FDCPA section 807, which prohibits a debt collector from using "any false, deceptive, or misleading representation or means" while attempting to collect a debt, including threatening to seize any property of any person, unless the debt collector intends to take such action, or threatening to take action that cannot legally be taken.  15 U.S.C. § 1692e(5).  On multiple occasions, Defendants informed Castillo Nelson & Kennard would seize the house that Castillo jointly owned and occupied with her friend.    In so doing, Defendants made threats that they could not legally act upon.

27.    Defendants' actions described above, continuing over the course of the past year, also constitute multiple violations of the FDCPA section 808, which prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt," including (1) filing a Complaint in the California Superior Court to collect the alleged debt misrepresenting on the form pleading utilized that all allegations related to the alleged debt, including the persons obligated thereon and the amount allegedly due, were based upon personal knowledge, when in fact all such allegations were based entirely upon "information and belief"; (2) using an attorney verification to qualify the Complaint for ultimate entry of a default judgment at the direction of a court clerk, without the scrutiny of a Judge, when the use of such a verification is not permitted by California law; and (3) threatening to take nonjudicial action to dispossess a person of property if there is no present right to possess that property claimed as collateral through an enforceable security interest or the debt collector has no present intention to take or dispossess the person of that property.  15 U.S.C. § 1692f.

**SECOND CLAIM FOR RELIEF**

**(Against All Defendants Pursuant to the Rosenthal Act §§ 1788.11 and 1788.17)**

28.     Castillo re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 24, as though fully set forth herein.

29.     The actions of Defendants Castro and Nelson & Kennard, as described above, have continued over the course of the past year and were all engaged in by Defendants as the authorized agents for CACH, within the course and scope of their authority.  Through these actions of its agents, CACH is liable for multiple violations of section 1788.10 of the Rosenthal Act, which prohibits a debt collector from attempting to collect a consumer debt by threatening that nonpayment may result in the "seizure, garnishment, attachment or sale of any property" of the debtor "unless such action is in fact contemplated by the debt collector and permitted by the law." Cal. Civ. Code § 1788.10(e). Defendants informed Castillo that they would seize her home that she jointly owned and occupied with her friend and future husband..  As such, Defendants have made threats to seize property that Defendants not permitted by law to seize.

30.     Defendants' actions described above, continuing over the course of the past year, also constitute multiple violations of section 1788.17 of the Rosenthal Act, which, in adopting the provisions of 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt," including (1) filing a Complaint in the California Superior Court to collect the alleged debt misrepresenting on the form pleading utilized that all allegations related to the alleged debt, including the persons obligated thereon and the amount allegedly due, were based upon personal knowledge, when in fact all such allegations were based entirely upon "information and belief"; (2) using an attorney verification to qualify the Complaint for ultimate entry of a default judgment at the direction of a court clerk, without the scrutiny of a Judge, when the use of such a verification is not permitted by California law; and (3) threatening to take nonjudicial action to dispossess a person of

8

property if there is no present right to possess that property claimed as collateral through an enforceable security interest or the debt collector has no present intention to take or dispossess the person of that property.  Cal. Civ. Code § 1788.17; 15 U.S.C. § 1692f.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

1.      For an order awarding statutory damages as provided by law.

2.      Attorney's fees, expenses, and costs; and

3.      Any such other and further relief as the Court may deem proper.

Dated:  October 4, 2013            **ALSTON & BIRD LLP**
                                   WARD L. BENSHOOF
                                   ANDREA S. WARREN

                                   /s/ Andrea S. Warren

                                   Andrea S. Warren
                                   Attorneys for Plaintiff Ingrid Castillo